IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHARON CERCI,<br><br>*Plaintiff,*<br><br>v.<br><br>HARTFORD FINANCIAL SERVICES GROUP, INC. and PROPERTY & CASUALTY INSURANCE CO. OF HARTFORD,<br><br>*Defendants.* | Civil Action No. 2:19-cv-1588<br><br>Hon. William S. Stickman IV<br>Hon. Patricia L. Dodge |

## ORDER OF COURT

Plaintiff Sharon Cerci ("Cerci") filed this action against Defendants Hartford Financial Services Group, Inc. and Property & Casualty Insurance Co. of Hartford (collectively, "Hartford") in November 2019, and it was removed to this Court on the basis of diversity jurisdiction on December 10, 2019. (ECF No. 1). Cerci asserts that Hartford wrongly denied her insurance benefits after a fire to her property, and she brings a breach of contract claim (Count I) and an insurance bad faith claim (Count II) under Pennsylvania law.[1] More specifically, in Count I, Cerci claims Hartford breached its contractual obligations under Policy No. 55RBB101700 ("Policy") by inappropriately denying her claim on the basis that her property at 2703 Grandview Avenue ("Property") was not the "residence premises." As to Count II, Cerci contends that Hartford engaged in bad faith conduct and that it did not have a reasonable basis for denying her claim.

---

[1] Having been advised that Cerci and Hartford stipulated that Cerci's cause of action in Count III be dismissed with prejudice (ECF No. 26), United States Magistrate Judge Patricia L. Dodge dismissed with prejudice Count III of the Complaint (ECF No. 27).

Pending before the Court is Hartford's Motion for Summary Judgment. (ECF No. 28). Hartford argues that summary judgment should be granted in its favor at Count I because Cerci was not "residing" at the Property at the time of the fire and the Property was not the "residence premises" covered by the Policy. Therefore, Hartford contends that a condition precedent to coverage did not occur and that it was justified in denying Cerci's claim. Additionally, it argues that summary judgment should be granted in its favor at Count II because no record evidence exists that it lacked a reasonable basis for how it handled Cerci's claim. (ECF Nos. 28, 29 and 32). Cerci counters that whether she resided at the Property is a disputed factual matter not possible of resolution at the summary judgment stage. Further, assuming *arguendo* that she was not "residing" at the Property on the date of the loss, Cerci argues that the facts deduced in discovery sufficiently support her reasonable expectation of coverage under the Policy. She also contends that multiple facts support her bad faith claim, and it is a matter best left for the jury. Cerci advocates for the denial of Hartford's motion. (ECF No. 30).

Magistrate Judge Dodge issued a Report and Recommendation on September 27, 2021, recommending that Hartford's motion be denied. (ECF No. 34). Ultimately, she determined that material issues of fact remain as to both of Cerci's claims and a jury must determine "if Cerci had habitual and permanent contacts with the Property that demonstrate she resided there" (ECF No. 34, pp. 14-15), if Cerci received the Policy such that the terms "residence Premises" would be readily apparent to her (ECF No. 34, p. 17), if Cerci had a reasonable expectation of coverage (ECF No. 34, pp. 17-18), and if Hartford had a reasonable basis for its denial of coverage (ECF No. 34, pp. 19-20).

Hartford was given the opportunity to file objections, and it did so arguing that Magistrate Judge Dodge erred in recommending the denial of its motion. (ECF Nos. 35 and 36).

2

Cerci filed a Reply to Hartford's Objections arguing that the Court should accept Magistrate Judge Dodge's recommendations in whole.  (ECF No. 37).

After its independent *de novo* review of the entire record, including the pleadings at issue and the parties' respective arguments, the Court agrees with the analysis of the issues and legal conclusions reached by Magistrate Judge Dodge.  It holds that the presence of unresolved genuine issues of material fact preclude the entry of summary judgment at both Counts I and II. The Court hereby DENIES the Objections (ECF No. 35) and ADOPTS Magistrate Judge Dodge's Report and Recommendation (ECF No. 34) as its Opinion.

AND NOW, this _27ᵗʰ_ day of October 2021, IT IS HEREBY ORDERED that Hartford Financial Services Group, Inc. and Property & Casualty Insurance Co. of Hartford's Motion for Summary Judgment (ECF No. 28) is DENIED.  Counts I and II may proceed to trial.

IT IS FURTHER ORDERED that Magistrate Judge Dodge hold a judicial settlement conference on or before March 31, 2022.

BY THE COURT:

WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE